IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FARAH FOQAHAA,**
**ALIEN # A95-543-784,**

    **Petitioner,**

vs.                                          Case No. 4:08cv440-MP/WCS

**MICHAEL B. MUKASEY,**
**ATTORNEY GENERAL OF THE**
**UNITED STATES, et al.,**

    **Respondents.**

                            /

## REPORT AND RECOMMENDATION

        Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241 on October 3, 2008. Doc. 1. Petitioner alleged being detained indefinitely at the Wakulla County Jail in Crawfordville, Florida. *Id.* Petitioner was ordered removed to Palastine, the country of his birth, but contends it is not likely that he will be removed in the reasonably foreseeable future. *Id.,* at 2. Petitioner did not challenge the validity of the removal order, only his indefinite detention under Zadvydas v. Davis, 533 U.S. 678 (2001). *Id.* Service was directed on October 16, 2008, doc. 3, and Respondents filed a motion to dismiss, doc. 10, on December 5, 2008.

Respondents assert in the motion to dismiss that Petitioner was released from custody of Immigration and Customs Enforcement (ICE) on November 25, 2008. Doc. 10, p. 1. Petitioner was released "since the government of Palestine declined to issue Petitioner travel documents." *Id.*, at 2; *see* exhibit 1. Therefore, because Petitioner has essentially been afforded the relief he sought, release from detention, this § 2241 petition should now be dismissed as moot.

The motion to dismiss, doc. 10, contains a certificate of service which indicates the document was provided to Petitioner at his "last known address" which was the Wakulla County Jail. Presumably, that facility will not forward mail to Petitioner since he has been released, although this order and report and recommendation will be sent there as well. Nevertheless, when service was directed in October of 2008, Petitioner was ordered to "file a notice of change of address with this Court should he be released from custody . . . ." Doc. 3, p. 3. While Petitioner has failed to advise of his address change, it is acknowledged that it has only been two weeks since the release. However, there appears to be no reason to delay this report and recommendation in the hopes that Petitioner will advise of his address change and concede that this case is moot. Respondents have sufficiently demonstrated Petitioner's release from detention.

**RECOMMENDATION**

In light of the showing by Respondents, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 10, be **GRANTED**, and the § 2241 petition filed by Petitioner Farah Foqahaa be **DISMISSED as moot** since it appears he has been released from detention.

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2008.

     s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**